SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13
-----------------------------------------------------------------------------x

WILLIAM SPIVEY and ERIC SPIVEY,

MAUSKOPF, J.

4653

**COMPLAINT**

Plaintiffs,

SCANLON, M.J.

Docket No.

-against-

Jury Trial Demanded

CITY OF NEW YORK, GAETJEAN DOXY, Individually,
JASON ZEIKEL, Individually, and JAMES O'MALLEY,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★  AUG 19 2013  ★

**BROOKLYN OFFICE**

Defendants,

-----------------------------------------------------------------------------X

Plaintiffs WILLIAM SPIVEY and ERIC SPIVEY, by their attorneys, Leventhal & Klein,

LLP, complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States.  Plaintiffs

also assert supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.   Plaintiffs assert

supplemental state law claims pursuant to common law and the New York State Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff WILLIAM SPIVEY is a twenty-seven year old African American man residing in Brooklyn, New York.

7.      Plaintiff ERIC SPIVEY is a twenty-one year old African American man residing in Brooklyn, New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.      That at all times hereinafter mentioned, the individually named defendants, GAETJEAN DOXY, JASON ZEIKEL, JAMES O'MALLEY, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On May 20, 2012, at approximately 11:45 p.m., plaintiffs, who are brothers, were lawfully present in front of their residence at 2369 West 11th Street, Brooklyn, New York, with their father, Lester Spivey, and their friend, Paula Williams.

14.     Plaintiff WILLIAM SPIVEY was sitting at a table with Lester Spivey and Paula Williams.  Plaintiff ERIC SPIVEY was sitting at a table by himself, next to the table where his brother, father, and Ms. Williams were sitting.

15.     The defendant officers approached plaintiffs.   One of the defendant officers picked up a set of keys from the table which had a canister attached to it.  The officer pushed the keys toward plaintiff WILLIAM SPIVEY.  Mr. SPIVEY pushed the keys away from him and stated, in sum and substance, those aren't mine.  Upon information and belief, the keys belonged to plaintiffs' friend, Paula Williams.

16.     The defendant officers then grabbed plaintiff WILLIAM SPIVEY, slammed him to the ground, handcuffed him, dragged him to a police vehicle, and imprisoned him therein.

17.     While plaintiff WILLIAM SPIVEY was imprisoned in a police vehicle and restrained by rear handcuffs, a defendant officer punched plaintiff in his face.

18.     When the defendants initially grabbed WILLIAM SPIVEY, he stated, in sum and substance, record this with your iPod.

3

19.     Plaintiff ERIC SPIVEY attempted to record the defendants' use of force against WILLIAM SPIVEY.

20.     In retaliation for plaintiff ERIC SPIVEY'S lawful behavior, a defendant officer assaulted, battered and falsely arrested plaintiff.

21.     While the defendants were using force against WILLIAM SPIVEY, ERIC SPIVEY attempted to activate the record function on his iPod.  In retaliation, a defendant officer smacked plaintiff ERIC SPIVEY'S iPod out of his hand.

22.     Plaintiff ERIC SPIVEY tried to pick up his iPod but the defendant officer shoved him to the ground.  Plaintiff SPIVEY got to his feet and the defendant officer shoved him again causing him to stumble backwards.  At least two defendant officers then grabbed plaintiff ERIC SPIVEY, slammed him to the ground and handcuffed him.

23.     Thereafter, the defendant officers picked plaintiff ERIC SPIVEY up from the ground, and imprisoned him in a police vehicle.  The defendants transported plaintiffs to a police precinct and imprisoned them therein.

24.     As a result of the defendant officers' actions plaintiffs WILLIAM SPIVEY and ERIC SPIVEY suffered pain, discomfort, physical injuries, and emotional distress.

25.     The defendant officers imprisoned plaintiffs until May 21, 2012, when plaintiffs were arraigned on baseless charges filed in Kings County Criminal Court under docket numbers 2012KN041551 and 2012KN041543; said charges having been filed based on the false allegations of defendants GAETJEAN DOXY, JASON ZEIKEL, and JAMES O'MALLEY.  The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of brutality and

4

abuse of authority.

26.   Defendant DOXY created and manufactured false evidence against plaintiff WILLIAM SPIVEY and used same against him in said legal proceedings. Specifically, defendant DOXY swore to false allegations that plaintiff WILLIAM SPIVEY was drinking alcohol from an open container, and; that when defendant DOXY attempted to arrest plaintiff, plaintiff charged at DOXY and attempted to knock DOXY to the ground.

27.   Defendant DOXY created and manufactured false evidence against plaintiff ERIC SPIVEY and used same against him in said legal proceedings. Specifically, defendant DOXY swore to false allegations that plaintiff ERIC SPIVEY attempted to interfere with the arrest of WILLIAM SPIVEY by charging at DOXY and swinging his fists at defendant ZEIKEL.

28.   On May 21, 2012, all of the false charges filed against plaintiffs WILLIAM SPIVEY and ERIC SPIVEY were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

29.   Defendants GAETJEAN DOXY, JASON ZEIKEL, JAMES O'MALLEY, and JOHN and JANE DOE 1 through 10 participated in or were present or otherwise aware of the incident failed to intervene in the illegal conduct described herein.

30.   All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a practice of falsification, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiff based on his race.

31.   The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD

officers, including the defendants, are insufficiently trained regarding the use of force, disproportionately use force and arrest individuals due to discrimination against them based on their race and/or nationality, improperly use force against individuals in retaliation for their lawful exercise of their right to free speech, and engage in a practice of falsification.

32. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

33. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34. As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Deprivation of Rights Under 42 U.S.C. § 1983)

35. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiffs WILLIAM SPIVEY and ERIC

6

SPIVEY, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

39.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41.     As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants arrested plaintiffs WILLIAM SPIVEY and ERIC SPIVEY without probable cause, causing them to be detained against their will for an extended period of time and

subjected to physical restraints.

44.     Defendants caused plaintiffs WILLIAM SPIVEY and ERIC SPIVEY to be falsely arrested and unlawfully imprisoned.

45.     As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

46.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs WILLIAM SPIVEY and ERIC SPIVEY'S constitutional rights.

48.     As a result of the aforementioned conduct of defendants, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY were subjected to excessive force and sustained physical injuries.

49.     As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

50.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants created false evidence against plaintiffs WILLIAM SPIVEY and ERIC SPIVEY.

52.     Defendants utilized this false evidence against plaintiffs WILLIAM SPIVEY and ERIC SPIVEY in legal proceedings.

53.     As a result of defendants' creation and use of false evidence, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY suffered a violation of their constitutional rights to a fair trial, as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution.

54.     As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983)

55.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     The acts of the defendant officers were in retaliation for plaintiff ERIC SPIVEY'S exercise of his First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

57.     As a result of the aforementioned conduct of defendants, plaintiff ERIC SPIVEY was subjected to retaliation for the exercise of his First Amendment rights.

58.     As a result of the foregoing, plaintiff ERIC SPIVEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

9

costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

59.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants maliciously issued criminal process against plaintiffs WILLIAM SPIVEY and ERIC SPIVEY by causing them to appear in Kings County Criminal Court.

61.     Defendants caused plaintiffs WILLIAM SPIVEY and ERIC SPIVEY to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their illegal conduct.

62.     As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

63.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendants had an affirmative duty to intervene on behalf of plaintiffs WILLIAM SPIVEY and ERIC SPIVEY, whose constitutional rights were being violated in their presence by other officers.

65.     The defendants failed to intervene to prevent the unlawful conduct described herein.

66.     As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY

were subjected to excessive force, their liberty was restricted for an extended period of time, they were put in fear of their safety, they were humiliated,  subjected to handcuffing and imprisoned without probable cause.

67.     As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

68.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     The defendants seized, assaulted, battered, and detained plaintiffs WILLIAM SPIVEY and ERIC SPIVEY, because of their national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

70.     As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY were deprived of their rights under the Equal Protection Clause of the United States Constitution.

71.     As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

72.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     The supervisory defendants personally caused plaintiffs WILLIAM SPIVEY and ERIC SPIVEY'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

74.     As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

75.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

77.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force, disproportionately using excessive force and arresting individuals due to discrimination against them based on their race and/or nationality, using excessive force and arresting individuals in retaliation for their lawful exercise of their right to free speech, and engaging in a practice of falsification.

78.     In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs WILLIAM SPIVEY and ERIC SPIVEY'S rights

12

as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

79.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs WILLIAM SPIVEY and ERIC SPIVEY.

80.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs WILLIAM SPIVEY and ERIC SPIVEY as alleged herein.

81.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs WILLIAM SPIVEY and ERIC SPIVEY as alleged herein.

82.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY were detained, subjected to excessive force, and  imprisoned without probable cause.

83.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs WILLIAM SPIVEY and ERIC SPIVEY'S constitutional rights.

84.     All of the foregoing acts by defendants deprived plaintiffs WILLIAM SPIVEY

and ERIC SPIVEY of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from the use of excessive force and/or the failure to intervene;

    C.    To be free from seizure and arrest not based upon probable cause;

    D.    To be free from malicious abuse of process;

    E.    To be free from retaliation for the exercise of their first amendment rights;

    F.    To be free from deprivation of their right to a fair trial; and

    G.    To receive equal protection under law.

85.    As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

86.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.    Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

88.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

89.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

90.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

91.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

92.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Defendants arrested plaintiffs without probable cause.

94.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

95.     As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

96.     As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

97.     As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

98.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     As a result of the foregoing, plaintiffs were placed in apprehension of imminent

harmful and offensive bodily contact.

100.   As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

101.   As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

102.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.   Defendants made offensive contact with plaintiffs without privilege or consent.

104.   As a result of defendants' conduct, plaintiffs have suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

105.   As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

106.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    Defendants issued criminal process against plaintiffs WILLIAM SPIVEY and ERIC SPIVEY by causing them to be arrested, and requiring theirs appearance in Kings County Criminal Court.

108.    Defendants compelled plaintiffs' appearances to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their use of excessive forec and abuse of authority.

109.    As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

110.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

112.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

113.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

114.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

17

115.    As a result of the aforementioned conduct, plaintiffs suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

116.    As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

117.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

119.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

120.    As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

121.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the acts of misconduct alleged herein.

123.    As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

124.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

126.    As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to

punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN NINETEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

127.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

129.    As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §11)

130.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.    As a result of defendants' conduct, plaintiffs were deprived of their right to equal protection of laws.

132.    As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus

reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

133.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.   As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

135.   As a result of the foregoing, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs WILLIAM SPIVEY and ERIC SPIVEY demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       August 19, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs WILLIAM SPIVEY and
ERIC SPIVEY
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:  _____
     BRETT H. KLEIN (BK4744)